**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X   Case No.14-cv-3613
LEON CREWS, on behalf of himself individually and all others similarly situated,

                              Plaintiff,

                                                       **CLASS ACTION**
            -against-                                  **COMPLAINT**


MIDLAND CREDIT MANAGEMENT, INC.,

                              Defendant.
------------------------------------------------------------------------X

       Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

INTRODUCTION

       1.    That this is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

       2.    That, further, this is an action for damages and injunctive relief brought by an individual consumer against defendant pursuant to New York General Business Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

## JURISDICTION AND VENUE

3.  That this Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4.  That this Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5.  That plaintiff is a natural person who resides in this District.

6.  That plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as he is a natural person who is alleged by defendant to owe a financial obligation.

7.  That the financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff was originally incurred, if at all, for personal, family or household purposes to Chase Bank USA, NA.

8.  That plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9.  That defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10. That defendant uses the mail, the telephone and other means to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

11. That the principal purpose of defendant is the collection of defaulted consumer debts owed or due or alleged to be owed or due to others.

12. That defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13. That upon information and belief, defendant is a foreign business corporation incorporated in Kansas.

## FACTUAL ALLEGATIONS

14. That plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15. That at some point in time, plaintiff allegedly incurred a personal debt to Chase Bank USA, NA.

16. That at some subsequent point in time Chase Bank alleged that the debt fell into default.

17. That, subsequent to the alleged default, by letter dated March 20, 2014 defendant wrote to plaintiff in an attempt to collect the debt.

18. That in said letter defendant stated that it is the servicer of the Chase Bank account.

19. That, further, in the letter defendant stated that Midland Funding, LLC. is the current owner of the account.

20. That Midland Funding, LLC. is a buyer of defaulted consumer debts.

21. That in the letter defendant stated that the letter is a demand for payment.

22. That on the front of the letter defendant stated, in pertinent part:

"Payment Due Date:   UPON RECEIPT
…
Due Date:            Upon Receipt".

23. That, further, on the back of the letter defendant stated in pertinent part:

"As of the date of this letter, you owe the amount listed in this letter as Current Balance. This amount will remain the amount due, until the Due Date listed on the front side of this letter. If we do not receive a payment by the Due Date, the amount you owe may be greater because of interest that may vary from day to day. In the event you fail to complete arrangements, interest will be applied from the date it was stopped and added to the Current Balance."

24. That the letter dated March 20, 2014 was the first letter which defendant sent to plaintiff concerning the debt.

25. That defendant sent no other letter to plaintiff within five (5) days after sending the letter dated March 20, 2014.

26. That defendant's letter dated March 20, 2014 should have been the written notice to plaintiff containing his validation rights pursuant to 15 U.S.C. § 1692g(a).

27. That defendant's letter dated March 20, 2014 does not contain a notice of validation rights.

28. That plaintiff received defendant's letter several days after March 20, 2014.

29. That upon receipt of defendant's letter plaintiff suffered feelings of confusion, emotional distress, anxiety, annoyance and irritation.

30. That a copy of defendant's letter dated March 20, 2014 is attached as Exhibit 1.

### AS AND FOR A FIRST CAUSE OF ACTION

Failure to send notice of validation rights

15 U.S.C. § 1692g(a)

31. That plaintiff re-alleges paragraphs 1-30 as if fully re-stated herein.

32. That by failing to include in Exhibit 1 the written notice required by 15 U.S.C. § 1692g(a) defendant violated said provision of the FDCPA.

AS AND FOR A SECOND CAUSE OF ACTION

False, deceptive and misleading representation of amount of debt

15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10) and 1692g(a)(1)

33. That plaintiff re-alleges paragraphs 1-32 as if fully re-stated herein.

34. That on the back of Exhibit 1 defendant stated that the amount which is listed on the front as the current balance is the balance as of the date of the letter – March 20, 2014.

35. That on the back of Exhibit 1 defendant stated that the amount due will remain the same until the due date listed on the front of Exhibit 1.

36. That on the back of Exhibit 1 defendant stated that if defendant did not receive a payment by the due date listed on the front the amount plaintiff owed may be greater because of interest that may vary from day to day.

37. That, further, on the back of Exhibit 1 defendant stated that in the event plaintiff failed to complete arrangements, interest will be applied from the date it was stopped and added to the current balance.

38. That, however, nowhere in Exhibit 1 does defendant inform plaintiff as of which date interest stopped being applied.

39. That on the front of Exhibit 1 defendant stated that the payment due date is upon plaintiff's receipt of Exhibit 1.

40. That plaintiff received Exhibit 1 several days after March 20, 2014.

41. That since plaintiff's receipt of Exhibit 1 is the payment due date and since Exhibit 1 stated that if defendant did not receive payment from plaintiff by the payment due date the amount plaintiff owed will be greater because of interest, then upon plaintiff's receipt of Exhibit 1 the amount owed stated therein would have already increased.

42. That, therefore, the current balance listed in Exhibit 1 would be an amount less than the amount plaintiff owed upon his receipt of Exhibit 1.

43. That this is especially the case if plaintiff wished to mail the payment to defendant.

44. That in Exhibit 1 defendant encouraged plaintiff to mail the payment by including on the front a Payment Certificate for plaintiff to tear off and mail with payment and by including detailed mailing directions and a return envelope.

45. That in Exhibit 1, and especially by including the Payment Certificate, defendant led plaintiff into believing that by paying the current balance listed therein, plaintiff would completely satisfy the debt.

46. That, however, if upon receipt of Exhibit 1, plaintiff mailed a payment to defendant in the amount of the current balance listed on the front of Exhibit 1, that payment would be insufficient to satisfy completely the amount plaintiff allegedly owed.

47. That plaintiff would be incorrect in thinking that payment of the amount of the current balance listed on the front of Exhibit 1 would be sufficient to satisfy completely the amount he allegedly owed.

48. That defendant did not state in Exhibit 1 that if plaintiff paid the current balance listed therein an adjustment may be necessary after defendant received the payment, in which event defendant will inform plaintiff before depositing plaintiff's payment.

49. That, however, if upon his receipt of Exhibit 1, plaintiff were to mail to defendant the current balance listed on the front of Exhibit 1, defendant would deposit his payment and again seek to collect from plaintiff an additional amount unknown to plaintiff for the additional interest which would have been applied.

50. That upon his receipt of Exhibit 1, plaintiff would not know and could not know the amount that would completely satisfy his alleged debt.

51. That in Exhibit 1 defendant confused plaintiff and the least sophisticated consumer about the amount of the debt allegedly owed.

52. That in Exhibit 1 defendant falsely represented the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

53. That in Exhibit 1 by falsely representing the amount of the debt, defendant also used false, deceptive and misleading representations in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

54. That in Exhibit 1, defendant has failed to provide plaintiff with a written notice which clearly states the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

## AS AND FOR A THIRD CAUSE OF ACTION

## NYGBL § 349

55. That plaintiff re-alleges paragraphs 1 to 54 as if fully re-stated herein.

56. That each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

57. That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons.

58. That Exhibit 1 is a mass-mailed form letter used by defendant.

59. That each year defendant sends its form collection letter without a validation notice and with the aforementioned offending language to thousands of consumers within New York State, similar to the one it sent to plaintiff.

60. That plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

61. That plaintiff suffered feelings of confusion, emotional distress, anxiety, annoyance and irritation upon his receipt of Exhibit 1.

62. That defendant violated NYGBL § 349(a) and is liable to plaintiff under NYGBL § 349(h).

## CLASS ALLEGATIONS

63. That plaintiff re-alleges paragraphs 1-62 as if fully re-stated herein.

64. That this action is brought on behalf of plaintiff and the members of two classes, Class A and Class B. The classes consist of all persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as Exhibit 1; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10) and 1692g(a). The class does not include defendant or persons who are officers, directors or employees of defendant.

65. That Class A (the Validation Notice Class) shall be defined as follows:

*All natural persons residing within the State of New York to whom defendant sent a letter in an attempt to collect a consumer debt on behalf of Midland Funding, LLC., which letter was the first letter sent by defendant, where defendant did not send another letter within five days after sending the first letter, and in which first letter defendant did not include a validation notice, in a form in sum and substance similar to Exhibit 1, during the period from June 9, 2013 to June 9, 2014.*

66. That Class B (the Payment Due Date Class) shall be defined as follows:

*All natural persons residing within the State of New York to whom defendant sent a letter in an attempt to collect a consumer debt on behalf of Midland Funding, LLC., in which letter defendant stated that the payment due date is upon receipt and in which letter defendant also stated that if defendant did not receive a payment by the due date the amount owed may be greater because of interest that may vary from day to day, and otherwise in sum and substance similar to Exhibit 1, during the period from June 9, 2013 to June 9, 2014.*

67. That pursuant to Rule 23 of the Federal Rules of Civil Procedure, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the classes are so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the classes and these questions predominate over any questions affecting only individual class members. The principal questions presented by this claim is whether defendant violated the FDCPA by failing to send a validation notice and by falsely, deceptively and misleadingly stating the amount of the debt in its letters, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10) and 1692g(a).

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

    (D)    The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    (E)    Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the classes.

68. That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the classes are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

69. That if the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

70. That communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

71. That as a result of the above violations, defendant is liable to plaintiff and the members of the classes for injunctive relief and damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(c) awarding statutory damages to plaintiff pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(d) awarding actual damages to plaintiff pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(e) awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(f) enjoining defendant from committing further deceptive and misleading acts and practices against plaintiff, pursuant to NYGBL § 349;

(g) awarding statutory damages to plaintiff pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(h) awarding actual damages to plaintiff pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(i) awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(j) for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
June 9, 2014.

                                                  */s/ Novlette R. Kidd*
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Nkidd@fagensonpuglisi.com

# EXHIBIT 1



Midland Credit Management, Inc.
8875 Aero Drive
Suite 200
San Diego, CA 92123

| | |
|---|---|
| Contact Information: | Tel (800) 265-8825 |
| Hours of Operation: | Sat – Th 5am – 2pm |
| | Sun 5am – 12:30pm Pacific Time |
| Current Owner: | Midland Funding LLC |
| Original Creditor: | Chase Bank USA, N.A. |
| Original Account No.: | ████████8867 |
| MCM Account No.: | ████6189 |
| Current Balance: | $11,751.65 |
| Payment Due Date: | UPON RECEIPT |

Leon R Crews
████████
Brooklyn, NY ████

03-20-2014

RE: Chase Bank USA, N.A.

Dear Leon,

Midland Credit Management, Inc. is the **SERVICER** of the above-mentioned **Chase Bank USA, N.A.** account. This is a demand for payment. Please include a check or money order for the Current Balance due. After receiving your final payment, we will consider the account PAID IN FULL and the three major credit reporting agencies will be updated accordingly.

Please do not hesitate to contact me at **(800) 265-8825** if you have any questions.

Sincerely,

**Hector Torres, Division Manager**
Midland Credit Management, Inc.

This account may still be reported on your credit report as unpaid.

---

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**
*Please tear off and return lower portion with payment in envelope provided*

## Payment Certificate

| | |
|---|---|
| MCM Account Number: | ████6189 |
| Original Account Number: | ████████8867 |
| Current Balance: | $11,751.65 |
| Due Date: | Upon Receipt |
| Amount Enclosed: $ | |

**Directions:**
1) Make your check payable to: Midland Credit Management, Inc.
2) Fill out the amount enclosed on the Payment Certificate
3) Place your check and Payment Certificate in the provided envelope
4) Mail Payment Certificate to:

Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578




0101120002036
0100 0000

**Important Disclosure Information:**

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

**Calls to and/or from this company may be monitored or recorded.**

As of the date of this letter, you owe the amount listed in this letter as Current Balance. This amount will remain the amount due, until the Due Date listed on the front side of this letter. If we do not receive a payment by the Due Date, the amount you owe may be greater because of interest that may vary from day to day. In the event you fail to complete arrangements, interest will be applied from the date it was stopped and added to the Current Balance. To obtain an exact payoff amount, or for further information, please call one of our Account Managers at (800) 265-8825.

**MAIL PAYMENTS TO:** P.O. Box 60578, Los Angeles, CA 90060-0578

**MAIL CORRESPONDENCE BUT NO PAYMENTS TO:** 8875 Aero Drive, Suite 200, San Diego, CA 92123

**We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law:**

**IF YOU LIVE IN COLORADO, THIS APPLIES TO YOU:**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

Midland Credit Management has a Colorado office with the following address and telephone number: 80 Garden Center, Suite 3, Broomfield, CO 80020. Telephone number: (303) 920-4763.

**Only physical in-person payments may be accepted at this office location. All payments made via mail should be sent to the following address:** P.O. Box 60578, Los Angeles, CA 90060-0578

**IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU:**
NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN (10) DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POST MARKED OR DELIVERED WITHIN SEVEN (7) DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO MIDLAND CREDIT MANAGEMENT, INC.

**IF YOU LIVE IN NEW YORK CITY, THIS APPLIES TO YOU:** New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728

**IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU:** North Carolina Department of Insurance Permit #101659, #4182, #4250, and #3777. Midland Credit Management, Inc. 8875 Aero Drive, Suite 200, San Diego, CA 92123

**IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**IF YOU LIVE IN CALIFORNIA, THIS APPLIES TO YOU:**
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or http://www.ftc.gov.

"Nonprofit credit counseling services may be available in the area."

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit-reporting agency if you fail to fulfill the terms of your credit obligations.

**IF YOU LIVE IN UTAH, THIS APPLIES TO YOU:**
As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**IF YOU LIVE IN WYOMING, THIS APPLIES TO YOU:**
As required by law, you are hereby notified that a negative credit report on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.